QUALITY LIMESTONE PRODUCTS, INC., a corporation, Halquist Lannon Stone Company, a partnership, Waukesha Lime and Stone Company, a corporation, Plaintiffs,

v.

DRIVERS, SALESMEN, WAREHOUSEMEN, MILK PROCESSORS, CANNERY, DAIRY EMPLOYEES AND HELPERS, LOCAL 695; A. E. Mueller, Secretary-Treasurer; Phillip F. Ernst, Business Agent; Wayne Henry and Charles Henry, d/b/a Henry Trucking; Roy Weber and James Weber, d/b/a Roy Weber Trucking; Francis Mehringer, d/b/a Sonny's Trucking; John Glisch, Ruben Mindemann, W. C. Parson and Carl Streich; John Doe, Richard Doe, and Other Unknown Persons, Defendants.

No. 62-C-192.

United States District Court
E. D. Wisconsin.

July 19, 1962.

O. S. Hoebreckx and Walter S. Davis, Milwaukee, Wis., for plaintiffs.

David Previant and David Leo Uelmen, Milwaukee, Wis., for defendants.

GRUBB, District Judge.

On plaintiffs' motion for preliminary injunction.

This action has been commenced by three firms located in Waukesha County, Wisconsin, engaged in the quarrying,

production, and sale of stone products. The defendant Union and its officers represent employees working for these firms. The remaining defendants are owner-drivers of trucks who haul plaintiffs' products to intrastate destinations. They are members of the defendant Union.

The Union demanded the right to negotiate as agent for the owner-driver trucker defendants, and others similarly situated, for an agreement with the plaintiff firms including provisions as to compensation, hours, working conditions, and work assignment agreements. Plaintiffs refused to enter into any negotiations with respect to owner-driver truckers, contending that these drivers were independent contractors and that any agreement between plaintiffs and said independent contractors would be an agreement to fix the price of transport of their stone products in violation of the federal and state antitrust laws.

On June 29, 1962, defendants struck plaintiffs and began picketing their premises. Proceedings respecting representation of the owner-drivers by defendant Union are presently pending before the National Labor Relations Board. See Waukesha Lime and Stone Co., Inc., et. al., Docket Nos. 13–RC–8655, 8656, and 8657.

Plaintiffs have brought this action under the federal antitrust laws. They contend that defendants have combined and conspired to fix prices and restrain trade and commerce among the states, particularly in the hauling of bulk building and construction materials. They request an injunction to restrain defendants from interfering with plaintiffs, their employees, and truckers in delivery of materials from plaintiffs' quarries to the construction sites of plaintiffs' customers; a decree declaring the negotiation of agreements as demanded by defendants unlawful; and an award for triple damages.

■ A temporary injunction is a drastic remedy and should be granted only where on the record presented very little substantial questions of fact or law remain. Plaintiffs' motion for preliminary injunction must be denied because there remain substantial questions of fact and law as to the court's jurisdiction over the cause.

The record presently before the court does not establish that the alleged antitrust violation has sufficiently direct and substantial effect on commerce between the states. Plaintiffs' total operations involve interstate commerce. The strike and picketing allegedly interfere with the interstate phase of their business. Plaintiffs sold material, among others, to road contractors and builders. It may be that on trial it could be shown that some of this material went directly into interstate commerce. So far as the present record is concerned, the alleged violation—price fixing and monopoly—is concerned only with the wholly intrastate transport of locally produced stone products. As has been stated recently in Page v. Work, 290 F.2d 323, 330 (9th Cir. 1961), cert. denied 368 U.S. 875, 82 S.Ct. 121, 7 L.Ed.2d 76 (1961):

> " * * * The test of jurisdiction is not that the acts complained of affect a business engaged in interstate commerce, but that the conduct complained of affects the interstate commerce of such business."

■ It does not follow that the court has jurisdiction over the alleged antitrust cause because defendants have invoked the jurisdiction of the National Labor Relations Board in respect to the demand for a collective bargaining agreement to cover the owner-driver truckers. The reach of federal jurisdiction under the antitrust laws is not coextensive with federal jurisdiction under legislation such as the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. and the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. affecting differing aspects of commerce of an employer's business. See A. B. Kirschbaum Co. v. Walling, 316 U.S. 517, 520, 521, 62 S.Ct. 1116, 86 L.Ed. 1638 (1942), and Apex Hosiery Co. v. Leader, 310 U.S. 469, 513, 60 S.Ct. 982, 84 L.Ed. 1311 (1940).

Further, the court may lack jurisdiction under the antitrust laws if the matter in issue relates to a labor dispute exclusively within the jurisdiction of the National Labor Relations Board by virtue of the National Labor Relations Act. The record shows that all indicia of the status of independent contractors are met as to the owner-driver truckers. Union activity in attempting to negotiate agreements with plaintiffs as to compensation for labor and use of equipment and working conditions of persons having substantially similar status may, under proper circumstances, constitute an exercise of a collective bargaining right under the National Labor Relations Act and therefore not be subject to antitrust legislation. Local 24 of Intern. Broth. of Teamsters, etc. v. Oliver, 358 U.S. 283, 79 S.Ct. 297, 3 L.Ed.2d 312 (1959), and Local 24 of Intern. Broth. of Teamsters, etc. v. Oliver, 362 U.S. 605, 80 S.Ct. 923, 4 L.Ed.2d 987 (1960), per curiam.

Cases cited by plaintiffs may be distinguished. Allen Bradley Co. v. Local Union No. 3, 325 U.S. 797, 65 S.Ct. 1533, 89 L.Ed. 1939 (1945); Columbia River Packers Association, Inc. v. Hinton, 315 U.S. 143, 62 S.Ct. 520, 86 L.Ed. 750 (1942); and Jewel Tea Co., Inc. v. Local Unions, etc., 7 Cir., 274 F.2d 217 (1960), involved agreements between labor unions and business men to restrain competition in and to monopolize the marketing of certain goods in interstate commerce. While defendant labor organizations claimed that these activities were in furtherance of the welfare of their members, it could not be maintained that union-produced commodity purchase limitations or limitations on marketing hours were proper objects of collective bargaining. Plaintiffs contend that the instant case merely involves the sale of trucking services—a commodity similar to electrical goods or fish. The analogy is not sound. The price for this claimed commodity of trucking services performed by defendants for the plaintiffs may fall within the category of wages which may be the subject of mandatory bargaining.

In the event it were established that the Union and other defendants are pursuing legitimate collective bargaining objectives, the challenged activities are immune from the reach of antitrust legislation. This determination must be predicated on a finding as to the existence of the requisite employer-employee relationship between plaintiffs and defendant owner-driver truckers. At this time substantial questions remain as to whether or not this determination is within the exclusive jurisdiction of the National Labor Relations Board before whom this question is presently pending. Under these circumstances, the granting of the requested injunction, which would in effect afford plaintiffs a substantial portion of the ultimate relief requested in this action, is not warranted.

■ Additionally, the court believes that there is substantial doubt as to its authority to grant the relief requested on this motion. The term "labor dispute," as used in Section 13 of the Norris-LaGuardia Act, 29 U.S.C.A. § 113, comprehends activities beyond those arising out of the employer-employee relationship. The background circumstances of the strike and the picketing which plaintiffs seek to enjoin may bring these activities within the area of labor disputes as construed in Bakery & Pastry Drivers & Helpers Local, etc. v. Wohl, 315 U.S. 769, 62 S.Ct. 816, 86 L.Ed. 1178 (1942); United States v. Hutcheson, 312 U.S. 219, 61 S.Ct. 463, 85 L.Ed. 788 (1941); and Milk Wagon Drivers' Union, etc. v. Lake Valley Farm Products, Inc., 311 U.S. 91, 61 S.Ct. 122, 85 L.Ed. 63 (1940). Section 20 of the Clayton Act, 29 U.S.C.A. § 52 read together with the Sherman Act, 15 U.S.C.A. § 1 et seq. and the Norris-LaGuardia Act, prohibits the grant of injunctive relief under these circumstances.

Plaintiffs have alleged substantial and continuing damage resulting to them from the activities of the defendants. The relief sought on this motion may

not be the only remedy available. If, as plaintiffs contend, there can be no employer-employee relationship between these parties under the circumstances of the case, the strike and picketing may support appropriate charges before the National Labor Relations Board which is empowered to afford the injunctive relief this court cannot grant at this time.

The foregoing decision sets forth the court's findings of fact and conclusions of law in accordance with Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

NOW, THEREFORE, IT IS ORDERED that the motion for preliminary injunction be and it is hereby denied.